# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**MARVIN SCRIPTER,**

        **Plaintiff,**

**-vs-**                                               **Case No.  2:04-cv-322-FtM-33DNF**

**HILLER AIRCRAFT CORP.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL, NOTICE OF NON-COMPLIANCE, MOTION FOR SANCTIONS, AND MOTION FOR DISMISSAL (Doc. No. 27)** |
| **FILED:** | **October 7, 2005** |

**THEREON** it is **RECOMMENDED** that the Motion for Dismissal be **GRANTED**.

    On October 7, 2005, the Defendant Hiller Aircraft Corp. (Hiller) filed its Motion to Compel, Notice of Non-Compliance, Motion for Sanctions and Motion for Dismissal (Doc. 27).  In that Motion, the Defendant asserted that the Plaintiff Marvin Scripter, d/b/a Sunline Aviation (Scripter) failed to provide all discovery after an Order (Doc. 20) dated January 18, 2005, was entered requiring Plaintiff to fully respond to Defendant's First Request for Production.  Further, Scripter failed to

produce documents in response to a Second Request for Production dated January 13, 2005, and failed to file a response to the instant Motion to Compel, Notice of Non-Compliance, Motion for Sanctions and Motion for Dismissal. Further, Hiller claims that it attempted to arrange a meeting to prepare the Final Pretrial Statement, and has not been able to speak to counsel for Scripter. Hiller also alleges that it appears that an insurance company has sold the helicopter which is the subject of this litigation to a salvage company. Hiller is requesting that either the Court dismiss this action for want of prosecution or enter an order compelling Scripter to produce the requested documents and continue this case. On October 31, 2005, this Court entered an Order to Show Cause (Doc. 28) which required Scripter to show cause in writing on or before noon on November 7, 2005, why this action should not be dismissed for failure to provide discovery, failure to comply with a Court Order, failure to respond to a motion, failure to meet and to prepare the Final Pretrial Statement and failure to prosecute. Scripter has failed to respond to the Order to Show Cause. In that Order, the Court cautioned Scripter that if no good cause was shown, the Court would recommend that this action be dismissed.

Rule 37(d) provides in part as follows:

> If a party . . fails . . . (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R.Civ.P. 37(d). The permissible sanctions under subdivision (b)(2)(A), (B), and (C) are as follows:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Under Rule 37, the Court has broad discretion in awarding sanctions. BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994). However, the Court's discretion in awarding sanctions is not "unbridled". Wouters v. Martin County, Florida, 9 F.3d 924, 933 (11th Cir. 1993). Permitted sanctions under Rule 37 are intended to "1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." (citations omitted) Id.

The severe sanction of dismissal is to be used only "as a last resort and when less drastic sanctions would not be able to ensure a party's compliance with the court's order." Sussman v. Salem, Saxon and Nielsen, P.A., 154 F.R.D. 294 (M.D. Fl. 1994)   "A party's simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." Id. at 298. In addition, Local Rule 3.10 provides that "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."

In the instant case, Scripter is failing to prosecute this case. Scripter has failed to provide discovery responses, failed to comply with a Court Order, failed to respond to a motion, failed to meet

to prepare the Final Pretrial Statement, and failed to respond to an Order to Show Cause.  Therefore, it is respectfully recommended that this action be dismissed for want of prosecution.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  7th    day of November, 2005.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record